UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GEORGE ROSAS, | § | No. 5:14-CV-1082-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | |
| | § | |
| BEXAR COUNTY; SUSAN | § | |
| PAMERLEAU, Bexar County Sheriff; | § | |
| SUSAN D. REED, Bexar County District | § | |
| Attorney; JOHN DOE, Bexar County | § | |
| Assistant District Attorney; and | § | |
| ABELARDO GARZA, | § | |
| | § | |
| Defendants. | § | |

_____

ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING
PLAINTIFF'S MOTION TO AMEND COMPLAINT

Before the Court is a Report and Recommendation filed by Magistrate

Judge Pamela Mathey (Dkt. # 7).  Plaintiff George Rosas ("Plaintiff") has filed

Objections to the Magistrate's Report and Recommendation (Dkt. # 11) as well as

a Motion for Leave to File Amended Complaint (Dkt. # 12).  Pursuant to Local

Rule CV-7(h), the Court finds this matter suitable for disposition without a

hearing.  After careful consideration, and for the reasons given below, the Court

**ADOPTS** the Magistrate Judge's Report and Recommendation, **DISMISSES**

**WITH PREJUDICE** Plaintiff's claims under § 1983, **DISMISSES WITHOUT**

**PREJUDICE** Plaintiff's state law claims, and **DENIES** Plaintiff's Motion for Leave to Amend Complaint.

<u>BACKGROUND</u>

Plaintiff is an inmate in the Bexar County Adult Detention Center. (Dkt. # 13.)  On September 15, 2014, Plaintiff brought claims under 42 U.S.C. § 1983 against Susan Reed, the former Bexar County District Attorney; David Davila, an officer in the Bexar County Sheriff's Office; and Eddie Alvarado, a homicide detective in the Corpus Christi Police Department.  (Dkt. # 1, Cv. No. 5:14-CV-827-XR.)  These claims were dismissed by Judge Xavier Rodriguez on February 2, 2015.  <u>Rosas v. Reed</u>, No. SA-14-CA-827-XR, 2015 WL 510110, at *11 (W.D. Tex. Feb. 2, 2015).

Plaintiff filed the action currently before the Court on December 8, 2014.  (Dkt. # 1.)  In response to an order to show cause issued by Magistrate Judge Mathey, Plaintiff filed an Amended Complaint on January 12, 2015.  (Dkt. ## 3, 4.)  Plaintiff asserts claims against Bexar County, Texas; Susan Pamerleau, the Bexar County Sheriff ("Pamerleau"); Susan Reed, the former Bexar County District Attorney ("Reed"); an unnamed Bexar County assistant district attorney; and Abelardo Garza ("Garza"), Plaintiff's court-appointed criminal defense counsel.  (Dkt. # 4.)  In his claims brought under § 1983, Plaintiff alleges that he never received a probable cause hearing following his arrest and that he has been

denied access to the courts by a conspiracy between the Bexar County officials and his own defense counsel.  (Id. at 7–10.)  Plaintiff also asserts claims for intentional infliction of emotional distress, negligent infliction of emotional distress, legal malpractice, and false imprisonment.  (Id. at 10–11.)  Plaintiff seeks monetary damages and an injunction requiring Bexar County to implement procedures to ensure that all pretrial detainees arrested without a warrant are afforded a prompt probable cause hearing.  (Id. at 11–15.)

Judge Mathey issued a Report and Recommendation on January 31, 2015, recommending that Plaintiff's claims be dismissed as frivolous and for failure to state a claim for relief.  (Dkt. # 7.)  Plaintiff filed Objections to the Report and Recommendation on February 18, 2015.  (Dkt. # 11.)  On March 19, 2015, Plaintiff filed a Motion for Leave to Amend Complaint, seeking to amend his Amended Complaint to add claims against Donna Kay McKinney, the district clerk for Bexar County, Texas, for allegedly failing to properly file Plaintiff's motions.  (Dkt. # 12.)

DISCUSSION

I.      Review of Magistrate Judge's Report and Recommendation

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those

3

portions of the report or specified proposed findings or recommendations to which objection is made.").  Any party may contest the Magistrate Judge's findings by filing written objections within fourteen days of being served with a copy of the Report and Recommendation.  28 U.S.C. § 636(b)(1)(C).

The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider.  Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections."  Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) (quoting Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982), overruled on other grounds by Douglass v. U.S. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996)).  Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report and Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

Plaintiff has objected to the Magistrate Judge's recommendations to dismiss his claims under § 1983, his claims for injunctive relief, and his state law claims for malpractice and negligent and intentional infliction of emotional distress.  (Dkt. # 11.)  The Court will therefore review these recommendations de novo.

4

As a prisoner of the State of Texas, Plaintiff's claims are subject to the requirements of 28 U.S.C. § 1915A, which requires dismissal of any claim or complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." § 1915A(b). The Court accepts the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Coleman v. Sweetin, 745 F.3d 756, 763 (5th Cir. 2014). Dismissal under § 1915A is governed by the same standard used to review claims pursuant to Federal Rule of Civil Procedure 12(b)(6). DeMoss v. Crain, 636 F.3d 145, 152 (5th Cir. 2011). Dismissal for failure to state a claim is appropriate when the plaintiff fails to plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Additionally, a court may dismiss a claim as frivolous under § 1915(e) when the claim lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). Examples of indisputably meritless legal theories include

"claims against which it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist." Neitzke, 490 U.S. at 327 (citation omitted).

    A.    <u>Plaintiff's Claims Under § 1983</u>

        "To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." <u>Doe ex rel. Magee v. Covington Cnty. Sch. Dist.</u>, 675 F.3d 849, 854 (5th Cir. 2012) (en banc). Plaintiff has asserted § 1983 claims against Sherriff Pamerleau in her individual and official capacities, former District Attorney Reed in her individual and official capacities, an unnamed Bexar County district attorney in his individual capacity, Garza in his individual capacity, and Bexar County. The Court will first address Plaintiff's claims against the county officials in their official capacities, followed by Plaintiff's claims against the officials and Garza in their individual capacities, and finally Plaintiff's claims against Bexar County.

        1.    <u>Official-Capacity Claims</u>

        Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." <u>Monell v. Dep't of Soc. Servs. of the City of New York</u>, 436 U.S. 658, 690 n.55 (1978). In

Kentucky v. Graham, the Supreme Court explained that "[t]here is no longer a need to bring official capacity actions against local government officials [because] under Monell . . . local government units can be sued directly."  473 U.S. 159, 165 & 167 n.14 (1985).

Plaintiff has not proffered any relief that can be granted on his official-capacity claims that cannot be obtained through his § 1983 claims against Bexar County.  Under these circumstances, it is appropriate to dismiss the official-capacity claims against Pamerleau and Reed as redundant.  See Sanders-Burns v. City of Plano, 594 F.3d 366, 373 (5th Cir. 2010) (noting that plaintiff's § 1983 claims against a government entity "render[ed] any official capacity claim against [an employee of that entity] redundant"); Castro Romero v. Becken, 256 F.3d 349, 355 (5th Cir. 2001) (dismissing as duplicative allegations against municipal officers in their official capacities where the plaintiff also brought claims against the government entity).  The Court therefore **DISMISSES WITH PREJUDICE** Plaintiff's official-capacity claims against Pamerleau and Reed.[1]

---

[1] The Court further notes that, to the extent that Plaintiff's allegations against Reed in her official capacity as a district attorney concern her prosecutorial actions to enforce state penal law, she is an agent of the state under Texas law and Plaintiff's claims against her for monetary damages are barred by the Eleventh Amendment. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Esteves v. Brock, 106 F.3d 674, 678 (5th Cir. 1997).

2.    Individual-Capacity Claims Against Government Officials

Pamerleau, Reed, and the unnamed prosecutor are Bexar County government officials.  "[G]overnment officials performing discretionary functions [are entitled to] a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated."  Anderson v. Creighton, 483 U.S. 635, 638 (1987) (citations omitted).  In suits brought under federal law, government employees are presumptively entitled to the defense of qualified immunity, and once the defense is asserted the burden shifts to the plaintiff to show that immunity does not bar recovery.  Salas v. Carpenter, 980 F.2d 299, 306 (5th Cir. 1992); Bennett v. City of Grand Prairie, Tex., 883 F.2d 400, 408 (5th Cir. 1989).  "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm [the plaintiff] has alleged and that defeat a qualified immunity defense with equal specificity."  Backe v. LeBlanc, 691 F.3d 645, 648 (5th Cir. 2012).

In resolving government officials' qualified immunity claims, a court must first ask whether the defendant's conduct violated a constitutional right. Terry v. Hubert, 609 F.3d 757, 761 (5th Cir. 2010) (citing Pearson v. Callahan, 555 U.S. 223, 232 (2009)).  The court must then determine whether the defendant's conduct was objectively unreasonable in light of clearly established law at the time

of the violation.  Id.  A court may begin its analysis with either prong, but both

questions must be answered in the affirmative for liability to attach.  Pearson, 555

U.S. at 236.  Thus, "[e]ven if the official's conduct violate[d] a constitutional right,

he is entitled to qualified immunity if the conduct was objectively reasonable."

Rankin v. Klevenhagen, 5 F.3d 103, 105 (5th Cir. 1993) (quoting Spann v. Rainey,

987 F.2d 1110, 1114 (5th Cir. 1993)).

        Plaintiff alleges that Pamerleau and Reed failed to establish a policy

requiring detainees to be given probable cause hearings as required by Gerstein v.

Pugh, 420 U.S. 103 (1975), and that Pamerleau "made a deliberate choice to ignore

the plainly obvious risks of plaintiffs [sic] prolonged detention."  (Dkt. # 4 ¶¶ 37,

39.)  "A supervisory official may be held liable under § 1983 only if (1) he

affirmatively participates in the acts that cause the constitutional deprivation, or

(2) he implements unconstitutional policies that causally result in the constitutional

injury."  Gates v. Tex. Dep't of Protective & Regulatory Servs., 537 F.3d 404, 435

(5th Cir. 2008).  "In order to establish supervisor liability for constitutional

violations committed by subordinate employees, plaintiffs must show that the

supervisor act[ed], or fail[ed] to act, with deliberate indifference to violations of

others' constitutional rights committed by their subordinates."  Id. (internal

quotation marks and citation omitted) (alterations and emphasis in original). "A

failure to adopt a policy can be deliberately indifferent when it is obvious that the

likely consequences of not adopting a policy will be a deprivation of constitutional rights." <u>Porter v. Epps</u>, 659 F.3d 440, 446 (5th Cir. 2011).

In support of his allegation that Pamerleau and Reed failed to establish a policy requiring prompt probable cause hearings, Plaintiff alleges that he was arrested without a warrant and "has been detained for over 250 days without an appearance before any judicial body." (<u>Id.</u> ¶¶ 36, 38.) Elsewhere in his Amended Complaint, however, Plaintiff states that he has appeared in court in connection with his current detention on numerous occasions: "[o]n April 13, 2014," the day after his arrest, "plaintiff appeared in front of a magistrate where bond was set at $175,000." (<u>Id.</u> ¶ 9–10.) Plaintiff mentions additional court appearances on June 5, July 17, September 8, September 10, and September 17, 2014. (<u>Id.</u> ¶¶ 16, 23.) The Amended Complaint further states that Plaintiff has been appointed counsel, and that his counsel has been present at some of the listed hearings. (<u>Id.</u> ¶¶ 7, 16.)

The Court need not accept as true an allegation contradicted by other specific factual allegations within Plaintiff's own Amended Complaint. <u>See Associated Builders, Inc. v. Ala. Power Co.</u>, 505 F.2d 97, 100 (5th Cir. 1974) (holding that facts need not be admitted as true where an appended document, treated as a part of the complaint, contradicts allegations within the complaint); <u>Bogie v. Rosenberg</u>, 705 F.3d 603, 609 (7th Cir. 2013) ("In considering a motion

to dismiss under Rule 12(b)(6), district courts are free to consider any facts set forth in the complaint that undermine the plaintiff's claim." (internal quotation marks omitted)); <u>Reginella Constr. Co., Ltd. v. Travelers Cas. & Sur. Co. of Am.</u>, 971 F. Supp. 2d 470, 475 (W.D. Pa. 2013) (holding that "where the plaintiff's inferences would contradict the well-pleaded factual allegations, the Court cannot accept them").  Because Plaintiff's Amended Complaint alleges that he has appeared before the state court six times, including a bond hearing before a magistrate the day after his arrest, and has been appointed an attorney, he has failed to plead specific facts that state a plausible claim that either Reed or Pamerleau violated his constitutional right to a prompt probable cause hearing. Plaintiff's individual-capacity claims against Reed and Pamerleau based on an alleged <u>Gerstein</u> violation is therefore barred by their qualified immunity, and dismissal is appropriate.

Plaintiff also alleges that Reed and the unnamed prosecuting attorney conspired to deny him access to the courts.  This claim stems from Plaintiff's allegation that he was misled into being an informant by officer Davila, which was dismissed by Judge Rodriguez in the prior action, and Plaintiff's continuing attempts to bring this claim.  (Dkt. # 4 ¶ 21.)  Specifically, Plaintiff alleges that Reed "received documents clearly showing not only that plaintiff was voicing his innocence but that plaintiff was being coerced and misled by agents using

11

defendant Reed's authority that interfered in plaintiff's criminal proceedings," that Reed had "constructive knowledge of a defendant . . . struggling to address the court," that Reed failed to investigate Plaintiff's complaints despite evidence substantiating his allegations, and that Reed and the prosecuting attorney made "a deliberate choice to ignore, deprive, impede and obstruct that litigant's court appearance."  (Dkt. # 4 ¶ 41, 43–44.)

Plaintiff's allegations of conspiracy to deny him access to the courts also fail to state a claim.  Given the six court appearances alleged in his Amended Complaint, Plaintiff appears to allege not that he has been denied access to the courts, but that the state court has not yet ruled on his allegations of misconduct against Officer Davila.  The right of access to the courts guarantees the capability to bring contemplated challenges to sentences or conditions of confinement before the courts.  Terry v. Hubert, 609 F.3d 757, 762 (5th Cir. 2010).  "No broader right was established."  Hale v. Townley, 45 F.3d 914, 920 (5th Cir. 1995).  Plaintiff's Amended Complaint states that he has submitted between eight and ten motions and other filings to the state court related to his misconduct claims, (Dkt. # 4 ¶¶ 15, 25), and his pleading in this matter further indicates that he is more than capable of presenting claimed constitutional violations.  Plaintiff has therefore failed to plead specific facts that show his constitutional rights have been violated, and his denial of access claim is barred by Reed and the unnamed prosecutor's qualified

immunity.  Because Reed and the unnamed prosecutor are entitled to qualified

immunity, Plaintiff's claim that they conspired to engage in the allegedly

unconstitutional conduct is also not actionable.  Hale, 45 F.3d at 921.

Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's individual-

capacity claims against Pamerleau, Reed, and the unnamed prosecutor.

### 3.    Individual-Capacity Claims Against Garza

Plaintiff's § 1983 conspiracy claim also alleges that Garza, his

appointed counsel, participated in the conspiracy to deny Plaintiff access to the

courts.  A public defender generally is not subject to § 1983 liability because, as

the State's adversary, he does not act on behalf of the State.  Tower v. Glover, 467

U.S. 914, 921 (1984).  A private person may be held liable under § 1983, however,

"when engaged in a conspiracy with state officials to deprive another of federal

rights."  Id.  As discussed above, Plaintiff has failed to allege a violation of his

constitutional right of access to the courts, and his § 1983 claim against Garza fails

on this basis.  See Hale, 45 F.3d at 920 ("[A] conspiracy claim is not actionable

without an actual violation of section 1983.").  The Court further notes that a

§ 1983 claim for conspiracy against a private defendant requires that the plaintiff

allege "an agreement between the private and public defendants to commit an

illegal act."  Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994).  Plaintiff has

not alleged that Garza entered into an agreement with any of the public defendants,

13

and his conspiracy claim against Garza fails on this basis as well.  The Court

therefore **DISMISSES WITH PREJUDICE** Plaintiff's § 1983 claim against

Garza.

        4.    <u>Bexar County</u>

To impose § 1983 liability on a municipality, a plaintiff must show

that "(1) the constitutional violation was caused as the direct result of the execution

of an official 'custom' or 'policy'; (2) the custom or policy was approved or

sanctioned by the entity's 'final policymaker'; and (3) the final policymaker acted

with 'deliberate indifference' and the custom or policy was the 'moving force'

behind the violation."  <u>Piotrowski v. City of Houston</u>, 237 F.3d 567, 578 (5th Cir.

2001) (quoting <u>Monell v. New York Dep't of Soc. Servs.</u>, 436 U.S. 658, 694

(1978)).

A plaintiff may state a claim by alleging "[a] persistent, widespread

practice of city officials or employees, which, although not authorized by officially

adopted and promulgated policy, is so common and well settled as to constitute a

custom that fairly represents [district] policy."  <u>Webster v. City of Houston</u>, 735

F.2d 838, 841 (5th Cir. 1984).  A handful of violations do not rise to the level of a

pervasive custom or practice; instead, prior incidents "must have occurred for so

long or so frequently that the course of conduct warrants the attribution to the

governing body of knowledge that the objectionable conduct is the expected,

accepted practice of city employees." Peterson v. City of Fort Worth, Tex., 588 F.3d 838, 850–51 (5th Cir. 2009).  Additionally, "[a]ctual or constructive knowledge of such custom" must be fairly attributable to an official to whom the governing body has delegated policy-making authority.  Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992).  Finally, the policy or custom must be the causally linked to the alleged constitutional violation.  Piotrowski, 237 F.3d at 580.

Plaintiff alleges that he was not afforded a prompt probable cause determination following his arrest due to Bexar County's lack of policy providing for prompt probable cause determinations.  (Dkt. # 4 ¶¶ 37–39.)  Plaintiff does not allege that Bexar County has an official policy to deny prompt Gerstein hearings, but instead appears to allege that it is Bexar County's persistent, settled custom and practice to deny such hearings.  He further alleges that between April and September 2014, he "spoke to numerous detainees who were arrested without warrants but had never heard of any policy or custom of the defendants affording detainees any probable cause hearings."  (Id. ¶ 14.)

As discussed above, the Complaint asserts that Plaintiff appeared before a magistrate the day after his arrest and subsequently appeared before the state court on multiple occasions, and therefore fails to plausibly allege that Plaintiff's constitutional right to a prompt probable cause determination was violated.  Additionally, Plaintiff's allegation that he spoke to "numerous detainees

15

who were arrested without warrants but had never heard of any policy or custom" of affording detainees probable cause hearings is insufficient to plead a persistent and widespread practice of denying such hearings—Plaintiff does not allege that other detainees were actually denied prompt probable cause hearings, but only that they (or he, in talking to others) had not "heard of" a policy or custom of affording such hearings.  Where prior incidents are used to prove a pattern that can said to represent official policy, "a plaintiff must demonstrate a pattern of abuses that transcends the error made in a single case." Peterson, 588 F.3d at 850–51. Plaintiff has not alleged any such pattern of abuses beyond his own alleged denial of a probable cause hearing, and has therefore failed to allege that his alleged injury was the result of an official custom or policy.  Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claims against Bexar County.

      B.    State Law Claims

          Plaintiff alleges that Reed's negligent supervision of the unnamed prosecutor in violation of the Texas Tort Claims Act allowed the prosecutor and Garza "to intentionally obstruct plaintiff's attempts to appear before a judge to address his complaints."  (Dkt. # 4 ¶ 48.)  Plaintiff further alleges that the actions of Garza and the unnamed prosecutor constitute intentional infliction of emotional distress and legal malpractice.  (Id. ¶¶ 49–50.)  Because Plaintiff has invoked the Court's federal jurisdiction and has failed to state a federal claim, the Court

declines to exercise its supplemental jurisdiction over Plaintiff's state law causes of action pursuant to 28 U.S.C. §1367(c)(3).  The Court therefore **DISMISSES WITHOUT PREJUDICE** Plaintiff's state law causes of action.

II.      Leave to Amend Complaint

Under Rule 15(a) of the Federal Rules of Civil Procedure, if a pleading is one to which a responsive pleading is required, "a party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(B).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

The language of the rule "evinces a bias in favor of granting leave to amend."  Lyn–Lea Travel Corp. v. Am. Airlines, 283 F.3d 282, 286 (5th Cir. 2002).  In considering whether to grant or deny leave to amend, the court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party, and futility of amendment."  In re Southmark Corp., 88 F.3d 311, 314–15 (5th Cir. 1996); see also Jones v. Robinson Prop. Grp. L.P., 427 F.3d 987, 994 (5th Cir. 2005).  Amendment is futile

17

"if the complaint as amended would be subject to dismissal."  Varela v. Gonzalez, 773 F.3d 704, 707 (5th Cir. 2014).

      Plaintiff seeks to amend his Amended Complaint to assert claims against Donna Kay McKinney ("McKinney"), the district clerk for Bexar County, Texas, in her individual capacity.  (Dkt. # 12 ¶ 1.)  Plaintiff alleges that he mailed "over 10 pleadings, motions, and complaints to the District Attorney and District Clerks offices to be filed" between April and September 2014 and that only two of Plaintiff's motions have been docketed.  (Id. ¶¶ 2, 4–5.)  Plaintiff also alleges that the mailroom supervisor of the Nueces County Jail "confirmed that any/all legal mail sent to defendant's office has been logged and sent out."  (Id. ¶ 15.)  Plaintiff seeks compensatory damages for his "injuries (prolonged detention) sustained as a result of the denial of the access to courts."  (Id. at 6.)

      Court clerks "have absolute immunity for damages arising from acts they are specifically required to do under court order or at a judge's direction, and . . . qualified immunity from all other actions for damages."  Clay v. Allen, 242 F.3d 679, 682 (5th Cir. 2001); Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. Unit A June 1981).  Because entering a party's filings in the docket is a ministerial function within the scope of McKinney's duties as a court clerk, she is entitled to qualified immunity.

"[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm [the plaintiff] has alleged and that defeat a qualified immunity defense with equal specificity."  Backe v. LeBlanc, 691 F.3d 645, 648 (5th Cir. 2012).  To overcome a defense of qualified immunity, a plaintiff must show that the defendant's conduct violated a constitutional right and that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the violation.  Terry v. Hubert, 609 F.3d 757, 761 (5th Cir. 2010) (citing Pearson v. Callahan, 555 U.S. 223, 232 (2009)).

Plaintiff alleges that "Defendant McKinney's deputies" refused to file or notify Plaintiff of defects in Plaintiff's motions, pleadings, and complaints. (Dkt. # 12 ¶ 12.)  Under § 1983, however, supervisory officials are not liable for the actions of subordinates; "a government official can be held liable only for his own misconduct."  Carnaby v. City of Houston, 636 F.3d 183, 189 (5th Cir. 2011). This allegation therefore fails to state a claim against McKinney and is barred by her qualified immunity.

Plaintiff further alleges that McKinney "has no policy in place that verifies and/or confirms the receipt of inmate legal papers via U.S. Postal Service," and "knew or should have known that this non-policy would result in the violation of inmate's constitutional rights of access to the courts by her subordinates e.g.

delay in filing, claims of not receiving or lost papers, or disposing of inmate's

papers for retaliatory purposes." (Dkt. # 12 ¶¶ 13–14.) The Fifth Circuit has

stated:

> In order to establish supervisor liability for constitutional violations
> committed by subordinate employees, plaintiffs must show that the
> supervisor acted, or failed to act, with <u>deliberate indifference</u> to
> violations of others' constitutional rights committed by their
> subordinates. A failure to adopt a policy can be deliberately
> indifferent when it is obvious that the likely consequences of not
> adopting a policy will be a deprivation of constitutional rights.

<u>Porter v. Epps</u>, 659 F.3d 440, 446 (5th Cir. 2011) (emphasis in original) (citations

and internal quotation marks omitted).

    Here, Plaintiff has failed to plead that McKinney's conduct violated

his constitutional right of access to the courts because he was represented by

court-appointed counsel during the time he attempted to file his pro se "motions,

pleadings, and complaints." In <u>Tarter v. Hury</u>, the Fifth Circuit affirmed the

dismissal of a complaint alleging that the refusal of court clerks to docket and hear

pro se motions of criminal defendants represented by counsel violates the right of

access to the courts. 646 F.2d at 1014. The court reasoned:

> As long as a criminal defendant is represented by counsel, he will be
> able to present matters for decision to the court through motions filed
> by his attorney. Therefore, in the absence of extraordinary
> circumstances . . . due process does not require that a criminal
> defendant be permitted to file every pro se motion he wishes to submit
> in addition to his attorney's motions.

Id.  Because Plaintiff was represented by counsel when he attempted to file his pro se motions, and Plaintiff has not alleged any "extraordinary circumstances," the alleged failure to docket his pro se motions is not "a matter of constitutional significance."[2]  See id.  Plaintiff has thus failed to plead that McKinney's conduct violated his constitutional rights, and his claim is barred by McKinney's qualified immunity.  Plaintiff's amendment would be futile, and the Court therefore **DENIES** his Motion for Leave to File Amended Complaint (Dkt. # 12).

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 7), **DISMISSES WITH PREJUDICE** Plaintiff's § 1983 claims, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's state law claims.  Additionally, the Court **DENIES** Plaintiff's Motion for Leave to File Amended Complaint (Dkt. # 12).

---

[2] The Court further notes that Plaintiff's Complaint does not allege that McKinney herself refused or otherwise failed to docket his filings, but instead that she failed to adopt a policy that "verifies and/or confirms the receipt of inmate legal papers." (Dkt. # 12 ¶ 13.)  The complaint found insufficient in Tarter specifically alleged that the court clerk and his deputy refused to docket the plaintiff's pro se motions. See Tarter, 646 F.2d at 1011, 1014.  While Tarter stated that a refusal to docket a pro se motion of a represented criminal defendant might, under extraordinary circumstances, unconstitutionally deprive the defendant of an opportunity to present an issue to the court, it did not suggest that a claim would lie where the complaint only alleged a failure to adopt a policy to verify or confirm the receipt of a defendant's filings.  Id. at 1014.

**IT IS SO ORDERED**.

**DATED**: San Antonio, Texas, April 29, 2015.

_____
David Alan Ezra
Senior United States Distict Judge